# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VAMSIDHAR VURIMINDI, | ) | |
| | ) | 2:17cv1425 |
| Petitioner, | ) | Electronic Filing |
| | ) | |
| v. | ) | Judge David Stewart Cercone |
| | ) | |
| SECRETARY, DEPARTMENT OF | ) | |
| HOMELAND SECURITY; | ) | |
| DIRECTOR, UNITED STATES | ) | |
| IMMIGRATION AND CUSTOMS | ) | |
| ENFORCEMENT, and ATTORNEY | ) | |
| GENERAL OF UNITED STATES, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

August 7, 2018

Petitioner, Vamsidhar Vurimindi ("Vurimindi"), a Pennsylvania state prisoner currently confined at SCI-Pine Grove, filed a *pro se* "Writ of Mandamus." (ECF No. 7). He seeks to compel Respondents to lift the immigration detainer issued against him.

For the reasons that follow, the "Writ of Mandamus" filed by Vurimindi will be dismissed pre-service for lack of jurisdiction. The "Writ of Mandamus" will be construed as both a petition for a writ of mandamus under 28 U.S.C. § 1361 and a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1]

---

[1] *See* 28 U.S.C. § 1361 (providing cause of action in federal court "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff"). Actions pursuant to § 1361 are often the method for seeking review of an agency action.

1

**Preliminary Screening**

Vurimindi is a Pennsylvania prisoner confined at SCI-Pine Grove and has been granted leave to proceed *in forma pauperis*. As a prisoner seeking redress from a government entity, or officer or employee of a governmental entity, his petition is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. Because he is proceeding *in forma pauperis*, his petition is also subject to screening under 28 U.S.C. § 1915(e)(2). Both § 1915A and § 1915(e)(2)(B) provide for *sua sponte* dismissal of the petition, or any portion thereof, if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from relief.

**Background[2]**

Before turning to the merits of Vurimindi's mandamus petition, it is necessary to discuss the background of this case. The background is complicated because for a number of years, Vurimindi has had simultaneous, often overlapping, proceedings which were ongoing in multiple fora, *to wit*: (i) the Philadelphia County Court of Common Pleas; (ii) the Pennsylvania Superior Court, (iii) the Immigration Court; (iv) the Board of Immigration Appeals; (v) the United States Court of Appeals for the Third Circuit; and (vi) the United States District Court for the Western

---

*Madden v. Myers*, 102 F.3d 74, 76 n.2 (3d Cir. 1996) (citing 5 U.S.C. § 703), *superseded in part on other grounds by statute as stated in In Re Souels*, 688 F. App'x 134 (3d Cir. 2017); 28 U.S.C. § 2241(c)(3) authorizing issuance of writ of habeas corpus to prisoner being held "in custody in violation of the Constitution or laws . . . of the United States").

[2]   The background is derived from various public court dockets and filings submitted in Vurimindi's various proceedings.

District of Pennsylvania.  As shown below, oftentimes the decision in one forum had a determinative effect on a separate proceeding pending in a different forum.

Vurimindi is a native and citizen of India.  In May of 2000, he was admitted into the United States on an H-1B Visa.[3]  On February 19, 2008, he obtained lawful permanent resident status through marriage to a U.S. citizen.  Approximately six years later, on April 25, 2014, Vurimindi was convicted in the Philadelphia County Court of Common Pleas of two counts of Stalking - Repeatedly Commit Acts to Cause Fear.  He was sentenced on each count of conviction to a sentence of 15 to 30 months in state custody to run consecutively, and a consecutive 30 month term of probation.  *See* Criminal Docket No CP-51-CR-0008022-2012.

As a result of those convictions, the Department of Homeland Security ("DHS") filed an immigration detainer with DOC.[4]  On April 11, 2016, the Attorney General initiated removal proceedings charging Vurimindi with removability from the United States pursuant to the

---

[3] The H-1B is a temporary visa that allows U.S. employers to employ foreign professionals to work in specialty occupations.  American Immigration Council, Fact Sheet, April 6, 2018.  *See* https://www.americanimmigrationcouncil.org/research/h1b-visa-program-fact-sheet (last visited 8/2/2018).

[4] An immigration detainer "serves to advise another law enforcement agency that the [DHS] seeks custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien," and "is a request that such agency advise the [DHS], prior to release of the alien, in order for the [DHS] to arrange to assume custody, in situations where gaining immediate physical custody is either impracticable or impossible."  8 C.F.R. § 287.7(a).  *See also Galarza v. Szalczyk*, 745 F.3d 634 (3d Cir. 2014) (holding that 8 C.F.R. § 287.7(a) generally defines a detainer as a "request").

Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(E)(i).[5]

On November 14, 2016, and January 11, 2017, Vurimindi appeared before Immigration Judge Walter A. Durling in support of his application for Cancellation of Removal. After hearing testimony from Vurimindi and two witnesses, the Immigration Judge issued an Interim Decision on January 18, 2017, which denied Vurimindi's application. On February 7, 2017, Vurimindi again appeared before Immigration Judge Durling to request asylum from being returned to India. Immigration Judge Durling denied Vurimindi's application for asylum and ordered Vurimindi removed from the United States to India. Vurimindi filed a timely appeal of the Immigration Judge's decision and order with the Board of Immigration Appeals (the "Board").

While his administrative appeal was still pending before the Board, Vurimindi filed a Petition for Review ("PFR") with the United States Court of Appeals for the Third Circuit. *See* Third Circuit Docket No. 17-2091. On September 28, 2017, the court of appeals dismissed the PFR for lack of jurisdiction as Vurimindi was not subject to an final order of removal by virtue of his pending administrative appeal.

During the time that Vurimindi was challenging the order of removal, he was also seeking to have his direct appeal rights in his criminal case reinstated by the state court. On June 27, 2017, Judge Diana L. Anhalt, the trial judge in his criminal trial, ordered that Vurimindi's direct appeal rights be reinstated and a Notice of Appeal with the Superior Court was contemporaneously filed on Vurimindi's behalf. *See* Court of Common Pleas Philadelphia

---

[5] Title 8, United States Code, § 1227(a)(2)(E)(i) states: "Any alien who at any time after

4

County, Docket No. CP-51-CR-0008022-2012 and Superior Court Docket No. 2140 EDA 2017.[6]

On July 7, 2017, the Board affirmed the Immigration Judge's removal order of February 7, 2017. Vurimindi filed a second PFR with the court of appeals challenging the agency's order of removal. *See* Third Circuit Docket No. 17-2620. On September 9, 2017, Vurimindi filed a mandamus petition with the court of appeals seeking to compel DHS to lift the immigration detainer issued against him. On October 10, 2017, after being advised that Vurimindi's direct appeal rights in his criminal case had been reinstated, the Board granted Vurimindi's motion to reopen and then it administratively closed the proceedings pending the outcome of the direct appeal in his criminal case.

On November 2, 2017, while the second PFR and the mandamus petition were pending in the court of appeals, Vurimindi initiated the instant action in this Court against the Secretary, Department of Homeland Security; Director, United States Immigration and Customs Enforcement, and the Attorney General of the United States seeking an order compelling DHS to lift the immigration detainer issued against him.[7] The case was referred to Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the Local Rules of Court for Magistrate Judges. The magistrate judge found that Vurimindi had a direct appeal of his criminal case pending before the Pennsylvania Superior Court and had a pending mandamus petition before the United States Court of Appeals

---

admission is convicted of . . . a crime of stalking . . . is deportable."
[6]     The direct appeal remains pending. The Superior Court docket reflects that Vurimindi filed his appellant brief on July 26, 2018.

[7]     The mandamus petition filed in this action is virtually identical to the mandamus petition

5

for the Third Circuit seeking the same relief as what he was seeking in this Court. Because of the pending matters, on November 6, 2017, the magistrate judge administratively closed and dismissed the case without prejudice pending the resolution of the pending matters. (ECF No. 2). Three days later, on November 9, 2017, Vurimindi filed in the court of appeals a motion to transfer the mandamus petition filed in that court to the District Court.

Then on November 13, 2017, Vurimindi filed his third PFR in the court of appeals, which was docketed at Case No. 17-3483, again seeking to have the immigration detainer against him lifted. Vurimindi argued that the Board of Immigration Appeals neglected to direct DHS to lift the immigration detainer when it reopened his administrative appeal.

On June 12, 2018, based on the Board reopening the administrative appeal, the court of appeals dismissed the second PFR (CTA3 No. 17-2620) finding that because Vurimindi was no longer under a final removal order, the appellate court lacked jurisdiction. The court of appeals also deemed the pending mandamus petition as withdrawn, given that Vurimindi had filed a mandamus petition in the district court. The appellate court also instructed that because it had received Vurimindi's motion to transfer the mandamus petition within 14 days of the entry of the magistrate judge's order administratively closing and dismissing without prejudice the district court case, it directed that the Clerk forward the motion to transfer to the district court to be docketed as objections to be reviewed by a district judge.

The following day, the appellate court dismissed Vurimindi's third PFR (CTA3 No. 17-3483) for lack of jurisdiction finding that Vurimindi was no longer subject to a final removal

---

filed by Vurimindi in the court of appeals.

order as Vurimindi's removal proceedings had been reopened and were administratively closed pending the outcome of his direct appeal in his criminal case.

As directed by the court of appeals, the case *sub judice* has been reopened and assigned to the undersigned for review of the objections (ECF No. 5) to the magistrate judge's order which administratively closed and dismissed the case without prejudice.

**Standard of Review**

The Federal Magistrates Act, 28 U.S.C. §§ 631 - 639, provides two separate standards for judicial review of a magistrate judge's decision: (i) "de novo" for magistrate resolution of dispositive matters, 28 U.S.C. § 636(b)(1)(B)-(C), and (ii) "clearly erroneous or contrary to law" for magistrate resolution of nondispositive matters. 28 U.S.C. § 636(b)(1)(A). *Accord* Fed.R.Civ.P. 72(a), (b); Local Civil Rule 72(C) and (D).

District courts within the Third Circuit have held that orders which do not terminate the matter in federal court are not dispositive because they do not result in a decision on the merits or a determination of federal jurisdiction. Therefore, the decision to administratively close and dismiss the case without prejudice rests within the jurisdiction and sound discretion of a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(A), subject to appeal to the district court. *See also In re U.S. Healthcare*, 159 F.3d 142, 145 (3d Cir. 1998) (holding that a dispositive order is one that "terminates the matter in federal court").

In the case at bar, the Court finds that the magistrate judge's order of November 6, 2017, was neither clearly erroneous nor contrary to law. Moreover, for the reasons discussed below, the Court finds that Vurimindi's petition should be dismissed without prejudice for lack of

jurisdiction.

**Discussion**

In the instant mandamus petition (ECF No. 7), Vurimindi requests the Court to compel the Attorney General, the DHS, and ICE to lift the immigration detainer that has been placed on him. He also contends that the Parole Board has denied him parole based on the existence of the immigration detainer.

To the extent that Vurimindi's filing could be construed as a petition for writ of mandamus, jurisdiction under the mandamus statute is limited to actions seeking to compel the performance by defendant of a <u>non-discretionary</u> duty owed to plaintiff. *See Heckler v. Ringer*, 466 U.S. 602, 616 (1984) ("The common-law writ of mandamus, codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear <u>nondiscretionary</u> duty.") (emphasis added)*; see also Wilbur v. United States ex rel. Kadrie*, 281 U.S. 206, 218 (1930) (Mandamus may not be employed "to direct the exercise of judgment or discretion in a particular way"). Vurimindi has not alleged that the Respondents in this action have such a duty, and in fact, whether or not to detain an alien after he finishes serving his criminal sentence pending a decision on whether to remove him is generally a matter within the <u>discretion</u> of the Attorney General. As a result, the Court finds that it lacks jurisdiction over Vurimindi's mandamus petition.

In the alternative, to the extent that Vurimindi's filing could be construed as a challenge to his detention, the filing will be construed as a writ of habeas corpus brought under 28 U.S.C. §

2241.[8] As the Supreme Court of the United States has instructed, the federal habeas corpus statute straightforwardly provides that the proper respondent to a habeas petition is

> the person who has custody over [the petitioner]. 28 U.S.C. § 2242; *see also* § 2243 . . . . "[T]hese provisions contemplate a proceeding against some person who has the <u>immediate</u> <u>custody</u> of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary.

*Rumsfield v. Padilla*, 542 U.S. 426, 434-35 (2004) (emphasis in original) (citations omitted). This custody requirement is a jurisdictional prerequisite for the granting of a § 2241 petition. Although challenges to detainers may be brought under § 2241, "[t]he filing of [a] detainer, standing alone, [does] not cause [the petitioner] to come within the custody of [immigration officials]." *Orozco v. INS*, 911 F.2d 539, 541 (11th Cir. 1990*), superseded on other grounds by statute as stated in Themeus v. U.S. Dept. of Justice*, 643 F. App'x 830, 832 (11th Cir. 2016). "[A]bsent custody by the authority against whom relief is sought, jurisdiction will not lie to grant the writ." *Id. See also Simmonds v. INS,* 326 F,3d 351, 356 (2d Cir. 2003) (holding that when a petitioner is subject to a final order of removal, the § 2241 custody requirement is met.).

Although Vurimindi alleges that DHS lodged an immigration detainer against him, he does not allege that he has been taken into DHS custody. And as the Court of Appeals has stated on three separate occasions, at the present time, Vurimindi is not subject to a final order of

---

[8]      Vurimindi is not prejudiced by the *sua sponte* recharacterization of the filing as a § 2241 petition because, as outlined *infra*, the petition is being dismissed on jurisdictional grounds. Vurimindi would only be prejudiced if the Court's recharacterization and dismissal of his § 2241 petition were on the merits.

removal. Further, according to the DOC web site, Vurimindi remains in the custody of the DOC. *See* http://inmatelocator.cor.pa.gov (last reviewed 8/2/2018).[9] Because Vurimindi is not in DHS custody and is not subject to a final removal order, this Court lacks subject-matter jurisdiction to consider the construed § 2241 petition. Accordingly, the Court will dismiss without prejudice the construed § 2241.

## Conclusion

For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction for both Vurimindi's mandamus claim and for his § 2241 habeas claim. Accordingly, the "Writ of Petition" will be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2). An appropriate Order follows.

BY THE COURT:

s/ David Stewart Cercone
David Stewart Cercone
United States District Judge

cc: VAMSIDHAR VURIMINDI
LN0431
S.C.I. Pine Grove
191 Fyock Road
Indiana, PA 15701
(via U.S. First Class Mail)

---

[9] Further, in his February 7, 2017 decision, Immigration Judge Durling specifically noted that Vurimindi was "well into his second period of imprisonment, well on his way to the 60 month maximum sentence."